21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Milton LEWIS Sr. Plaintiff-Appellant,
v.
REDDING MEDICAL CENTER, Defendant-Appellee.
 No. 93-15137.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 11, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Milton Lewis Sr. appeals pro se the district court's grant of summary judgment for Redding Medical Center (RMC) in his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (Title VII). Lewis contends that the district court erred by finding that he was not subjected to a hostile work environment based upon race. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 An employee may show violation of Title VII by proving a hostile work environment, i.e., a workplace "permeated with 'discriminatory intimidation, ridicule, and insult....' " Harris v. Forklift Systems, Inc., 114 S.Ct. 367, 370 (1993) (sexual harassment) (quoting Meritor Savings Bank v. Vinson, 477 U.S. 57, 65 (1986)); see also Patterson v. McLean Credit Union, 491 U.S. 164, 180 (1989) (racial harassment actionable under Title VII); Garcia v. Spun Steak Co., 998 F.2d 1480, 1488-89 (9th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3555 (U.S. Jan. 27, 1994) (No. 93-1222) (ethnic harassment); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1037 (9th Cir.1990) (racial harassment), cert. denied, 112 S.Ct. 417 (1991). To shield themselves from liability, employers must take action reasonably calculated to end one employee's unlawful harassment of a co-worker. See Ellison v. Brady, 924 F.2d 872, 882 (9th Cir.1991) (sexual harassment); see also Davis v. Monsanto Chemical Co., 858 F.2d 345, 349 (6th Cir.1988) (employee must show employer failed to take prompt remedial action), cert. denied, 490 U.S. 1110 (1989).
 
 
 5
 Here, the district court found that Lewis had produced evidence of racial harassment based upon two specific instances of racial slurs directed at him while he was working in the radiology department at RMC. The district court, however, also found that Lewis failed to raise a genuine issue of material fact as to whether RMC failed to take prompt remedial action.
 
 
 6
 In response to the initial complaint of racial harassment, RMC counselled John Draper, assistant supervisor of radiology, the employee who made the racial remark. RMC also issued Draper a written warning. After a meeting between Lewis's supervisor, Lewis and Draper, Lewis believed the incident was settled.
 
 
 7
 Receiving a second complaint nine months later concerning a remark made by a different co-worker, RMC conducted a workshop on racial harassment for the radiology staff. RMC offered examples of conduct which would be considered harassment and informed the staff that such conduct would not be tolerated. Additionally, RMC again counselled Draper and demoted him from his supervisory position. The employee accused of making the second remark quit working at RMC.
 
 
 8
 Lewis, who had gone on leave after the second incident, returned to work. After three days; Lewis informed RMC he would not return to work in radiology because he felt uncomfortable but could identify no specific reason. RMC again investigated the radiology department and found no evidence of further racial harassment.
 
 
 9
 Two weeks later, Lewis signed an agreement to return to work, noting that the second complaint was settled. Instead of returning to work, however, Lewis took disability leave. After Lewis was released from disability, RMC offered him a position in the radiology department requiring less contact with Draper but Lewis never returned to RMC.
 
 
 10
 Because Lewis failed to offer evidence that RMC's actions did not end the harassment, we hold that the district court did not err by granting summary judgment for RMC.[1] See Ellison, 924 F.2d 882-83; see also Davis, 858 F.2d at 349.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Lewis' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Lewis declares RMC took no action after the first racial slur, his prior deposition testimony to the contrary controls. See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 267 (9th Cir.1991) (party may not raise genuine issue of fact by "sham" declaration contradicting his prior deposition testimony)